UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL JENKINS, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE UNITED STATES OF AMERICA, THE )<br>DEPARTMENT OF JUSTICE, THE FEDERAL )<br>BUREAU OF PRISONS, d/b/a Federal Correctional )<br>Institution of Morgantown, and the Metropolitan )<br>Correctional Center in Chicago, MICHAEL WATERS, )<br>M.D., individually and as agent, servant, or employee of )<br>The United States of America, PATRICIA CORBIN, PA-C )<br>individually and as agent, servant, or employee of the )<br>United States of America, BRIJ MOHAN, M.D. )<br>individually and as agent, servant, or employee of the )<br>United States of America, TIMOTHY STEWART, )<br>Warden of the Federal Correctional Institution in )<br>Morgantown, Virginia, S. M. KUTA, the Warden of the )<br>Metropolitan Correctional Center in Chicago, and any )<br>UNKNOWN PHYSICIANS, NURSES AND PRISON )<br>PERSONNEL, )<br><br>Defendants ) | Case No. |

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Plaintiff, DARRYL JENKINS, by and through his attorneys, Barney & Karamanis, LLP, and complaining of Defendants, THE UNITED STATES OF AMERICA, THE DEPARTMENT OF JUSTICE, THE FEDERAL BUREAU OF PRISONS, d/b/a Federal Correctional Institution of Morgantown, and the Metropolitan Correctional Center in Chicago, MICHAEL WATERS, M.D., individually and as agent, servant, or employee of The United States of America, PATRICIA CORBIN, PA-C individually and as agent, servant, or employee of the United States of America, BRIJ MOHAN, M.D. individually and as agent, servant, or employee of the United States of America, TIMOTHY STEWART, Warden of the Federal Correctional Institution in Morgantown, Virginia, S. M. KUTA, the Warden of the Metropolitan Correctional Center in Chicago (collectively referred to hereafter as the US Defendants), and any UNKNOWN PHYSICIANS, NURSES AND PRISON PERSONNEL, states and alleges as follows:

**THE PARTIES**

1.     Plaintiff, DARRYL JENKINS, is a resident of the State of Illinois.

2.     Defendant, United States of America, is a sovereign nation availing itself to tort liability through the Federal Tort Claims Act.

3.     Defendant, The Department of Justice of the United States, is a Department within the United States government, which governs and controls the Federal Bureau of Prisons.

4.     Defendant, Federal Bureau of Prisons is a government agency within the umbrella of the United States Department of Defense.

5.     Defendant, Michael Waters, M.D., upon information and belief, is a resident of the State of Virgina.

6.     Defendant, Patricia Corbin, PA-C, upon information and belief, is a resident of the State of Virginia.

7.     Defendant, Brij Mohan, M.D., upon information and belief, is a resident of the State of Illinois.

8.     Defendant, Timothy Stewart, upon information and belief, is a resident of the State of Virginia, and was at all relevant times the warden of Federal Correctional Institution in Morgantown, Virginia.

9.     Defendant, S.M. Kuta, upon information and belief, is a resident of the State of Illinois, and and was at all relevant times the warden of Metropolitan Correctional Center in Chicago.

10.     Defendants are sued individually and in their official capacities.  Relief is sought against each and all Defendants as well as their agents, assistants, successor, employees and persons acting in concert or cooperation with them or at their direction or under their supervision.

11.     At all times relevant herein, the Defendants, WATERS, CORBIN, STEWART, KUTA, and MOHAN and their agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by those in the Federal Bureau of Prisons, and the Department of Justice of the United States, whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the United States.

12.     At all times relevant herein, Defendants, WATERS, CORBIN, STEWART, KUTA,

2

and MOHAN have acted under the color of authority of the laws of the State of Illinois or in active concert with such Defendants who are so acting.

## JURISDICTION AND VENUE

16.     Plaintiff institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1346(b) to obtain the costs of suit, including reasonable attorney fees, and damages suffered by Plaintiff and caused by Defendants' violation of his rights as guaranteed in the Constitution of the United States and by federal law, particularly 42 U.S.C. §1983.

17.     Jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332, and the matter in controversy exceeds, exclusive of interest and costs, $75,000.00.

18.     The unlawful deprivation of Plaintiff's rights and all other violations alleged herein were committed within the State of Illinois and the State of Virginia.

## FACTS COMMON TO ALL COUNTS

19.     That at all times relevant hereto, Plaintiff was an inmate housed at Federal Correctional Institution in Morgantown, Virginia, and then subsequently in the Metropolitan Correctional Center in Chicago.

20.     That on July 13, 2012, Plaintiff injured himself while lifting weights in the Federal Correctional Institution.

21.     Plaintiff immediately informed Defendant Federal Bureau of Prisons and DOJ through its agents, servants and employees that he had been injured and required medical attention.

22.     Defendant Michael Waters, M.D. and Patricia Corbin, PA-C, evaluated Plaintiff, diagnosed him with a bicep strain, and refused to order an MRI of the shoulder and arm.

23.     It was later discovered that Plaintiff had suffered a pectoralis tendon rupture of the chest and shoulder and a rupture to the bicep, which required a shoulder specialist and surgical repair.

24      Defendants ignored and refused Plaintiffs requests for additional aid and treatment for his injuries, which then went untreated for months.

25.     Plaintiff was eventually relocated to Metropolitan Correctional Center in Chicago where he again sought treatment for his arm and chest, but again Plaintiff was denied.

26.     Though testing was ordered, the scope of those tests avoided the actual injured location for the failure of Defendants to provide adequate treatment, which necessitated Plaintiff to

file a federal tort claim on or about July 12, 2014. That claim was returned with a right to sue letter on or about April 22, 2015.

## COUNT 1

1-26.  Plaintiff reaffirms and realleges the allegations in Paragraphs 1 through 26 of Plaintiff's Complaint as though fully set forth set forth herein and further alleges:

27.  That subsequent to July 13, 2012, Plaintiff informed Defendants of his complaints regarding the injury he had sustained.

28.  That Defendants, and each of them were then and there guilty of the following acts or omissions:

    a.  deliberately ignored the seriousness of Plaintiff's injury and specifically the medical diagnosis and proper course of treatment necessary

    b.  failed to ensure that there was follow up with the prescribed treatment;

    c.  failed to provide competent and professional medical treatment;

    d.  placed Plaintiff on a medical hold and refused to seek further treatment for Plaintiff's injuries;

    e.  failed to provide Plaintiff with a referral to a physician who was capable of performing the surgical intervention needed for the injury; and

    f.  denied Plaintiff access to a physician when there was a clear need to see a physician.

29.  As a direct and proximate result of the foregoing acts or omissions on the part of the US Defendants, Plaintiff, DARRYL JENKINS, was severely and permanently injured, sustained great mental and physical pain and suffering, sustained damage to his nervous system and other systems of the body, was kept from attending to his ordinary affairs and duties and lost great gains which he would otherwise have made and acquired as well as incurring other damages.

WHEREFORE, the Plaintiff, Darryl Jenkins, prays this Honorable Court enter judgment in his favor and against the Defendants in an amount in excess of One Hundred Fifty Thousand and No/100 ($150,000.00) Dollars.

## COUNT II
### (Negligence – THE US DEFENDANTS)

1-29.  Plaintiffs repeat and reallege Paragraphs 1 through 29 of Count I as and for Paragraphs 1

4

through 29 of this Count II as if fully set forth herein.

30.     There was a duty on the part of the US Defendants, individually and as agent of the

United States, to care for and treat Plaintiff in accordance with the accepted standards of medical practice

and opinion prevailing in the Virginia and Illinois areas in the year 2012, and to exercise that degree of

care and caution commonly exercised by other members of his profession in the community.

31.     That after assuming the care and treatment of Plaintiff, Defendants, individually and as

agent of the US, in breach of that duty, was then and there guilty of one or more of the following

wrongful acts and/or omissions in treating Plaintiff:

    (a)    Failed to adequately evaluate Plaintiff's conditions.;

    (b)    Failed to render adequate medical services to Plaintiff;

    (c)    Failed to intervene on behalf of Plaintiff to see that proper and adequate medical care and attention was being given to Plaintiff;

    (d)    Failed to institute proper treatment at the appropriate time for Plaintiff's condition;

    (e)    Failed to request consultation with physicians and/or nurses and technical staff skilled in other specialties of medicine and specialties in diagnosing and treating the condition of Plaintiff;

    (f)    Failed to diagnose and properly treat Plaintiff's conditions;

    (g)    Failed to monitor and provide care for Plaintiff's conditions;

    (h)    Failed to provide Plaintiff with proper and adequate follow-up care;

    (i)    Failed to monitor staff and nurses to provide adequate bed rest care for Plaintiff;

    (j)    Failed to properly evaluate Plaintiff's condition;

    (k)    Failed to render adequate medical services to Plaintiff;

    (l)    Failed to treat Plaintiff in a manner customary and suitable with their profession; and

    (q)    Failed to adequately supervise staff and personnel.

32.     That as a direct and proximate result of one or more of the foregoing wrongful acts and

omissions of Defendants, Plaintiff suffered acute and prolonged physical and mental pain and suffering;

5

and that he became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

WHEREFORE, the Plaintiff, Darryl Jenkins, prays this Honorable Court enter judgment in his favor and against the Defendants in an amount in excess of One Hundred Fifty Thousand and No/100 ($150,000.00) Dollars.

## COUNT III

## Violations of Rights under Federal Tort Claims

1-29. Plaintiffs repeat and reallege Paragraphs 1 through 29 of Count I as and for Paragraphs 1 through 29 of this Count II as if fully set forth herein.

30. There was a duty on the part of the US Defendants, individually and as agent of the United States, to care for and treat Plaintiff in accordance with the accepted standards of medical practice and opinion prevailing in the Virginia and Illinois areas in the year 2012, and to exercise that degree of care and caution commonly exercised by other members of his profession in the community.

31. That after assuming the care and treatment of Plaintiff, Defendants, individually and as agent of the US, in breach of that duty, was then and there guilty of one or more of the following wrongful acts and/or omissions in treating Plaintiff:

(a) Failed to adequately evaluate Plaintiff's conditions.;

(b) Failed to render adequate medical services to Plaintiff;

(c) Failed to intervene on behalf of Plaintiff to see that proper and adequate medical care and attention was being given to Plaintiff;

(d) Failed to institute proper treatment at the appropriate time for Plaintiff's condition;

(e) Failed to request consultation with physicians and/or nurses and technical staff skilled in other specialties of medicine and specialties in diagnosing and treating the condition of Plaintiff;

(f)     Failed to diagnose and properly treat Plaintiff's conditions;

(g)     Failed to monitor and provide care for Plaintiff's conditions;

(h)     Failed to provide Plaintiff with proper and adequate follow-up care;

(i)     Failed to monitor staff and nurses to provide adequate bed rest care for Plaintiff;

(j)     Failed to properly evaluate Plaintiff's condition;

(k)     Failed to render adequate medical services to Plaintiff;

(l)     Failed to treat Plaintiff in a manner customary and suitable with their profession; and

(q)     Failed to adequately supervise staff and personnel.


32.     That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendants, Plaintiff suffered acute and prolonged physical and mental pain and suffering; and that he became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

WHEREFORE, the Plaintiff, Darryl Jenkins, prays this Honorable Court enter judgment in his favor and against the Defendants in an amount in excess of One Hundred Fifty Thousand and No/100 ($150,000.00) Dollars.

WHEREFORE, the Plaintiff, DARRYL JENKINS, prays this Honorable Court enter judgment in his favor and against the Defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND AND NO/100 ($150,000.00) DOLLARS.


Respectfully submitted,

/s/ James A. Karamanis_____
        James A. Karamanis

James A. Karamanis (ARDC #6203479)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Two Prudential Plaza
Chicago, Illinois 60601
Tel.: 312/553-5300

8